UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GERMAN ANDRES PACHECO EUCEDA,

Petitioner,

v.

WARDEN, CHRISTOPHER LAROSE,

Respondents.

Case No.: 26-cv-6391-RSH-BJW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On November 9, 2026, petitioner German Andres Pacheco Euceda, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. For the reasons set forth below, the Court denies the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Honduras, entered the United States on a tourist visa in approximately April 2017. ECF No. 1 at 6. Petitioner overstayed his tourist visa and most recently lived in Florida. *Id.* Petitioner was arrested on April 15, 2026, for driving under the influence and leaving the scene of the accident. *Id.* He pleaded guilty to misdemeanor charges and, upon release from jail, was taken into immigration custody. *Id.*

On April 23, 2026, Petitioner had a bond hearing before an immigration judge ("IJ"), who denied bond on the ground that Petitioner was a danger to the community. ECF No.

4-1 at 12. On October 20, 2026, Petitioner filed a motion requesting a custody redetermination. *Id.* at 15. An IJ denied Petitioner's request, finding that Petitioner failed to establish changed circumstances under the applicable regulations. *Id.* Petitioner does not identify having filed any appeal of either bond decision, and the government's return indicates that Petitioner has not done so. *See* ECF No. 1 at 6–7 (Petitioner did not answer the question "Did you present [this Ground] in all appeals that were available to you?" as to any of his four identified grounds for relief.); ECF No. 4 at 4–5.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

First, Petitioner's due process claim challenging his prolonged detention fails because he has received a bond hearing before an IJ. *See Rana v. Warden*, 2026 WL 3075979, at *1 (S.D. Cal. Oct. 14, 2026); *Singh v. Warden*, 2026 WL 3002672, at *2 (S.D. Cal. Oct. 6, 2026); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) ("[D]uration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by [8 U.S.C.] § 1226(a) and its implementing regulations." (internal quotation marks and citation omitted)).

Second, to the extent that Petitioner challenges the IJ's order denying bond, he has not exhausted his administrative remedies before the BIA. The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond without first appealing that denial to the BIA. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision. . . . When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it. The Court will not act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so

would effectively encourage the deliberate bypass of the administrative review process—a process that is designed to allow the agency to correct its own errors. The Court declines to excuse or waive the prudential exhaustion requirement.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 17, 2026

Hon. Robert S. Huie
United States District Judge